Thomas T. PROUSALIS, Jr.,
Plaintiff-Appellant,

v.

UNITED STATES of America,
Defendant-Appellee.

16-3431

United States Court of Appeals,
Second Circuit.

June 30, 2017

FOR PLAINTIFF-APPELLANT: Thomas T. Prousalis, Jr. (on the brief), pro se, Richmond, VA. MATTHEW GREENFIELD, Gibson, Dunn & Crutcher LLP, New York, NY.

FOR DEFENDANT-APPELLEE: STEPHANIE LAKE (Anna Skotko, on the brief), Assistant United States Attorney, for Joon H. Kim, Acting United States Attorney for the Southern District of New York, New York, NY.

PRESENT: DENNIS JACOBS, PIERRE N. LEVAL, REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Thomas T. Prousalis, Jr. pleaded guilty in 2004 to defrauding investors in connection with the initial public offering of a company that he served as outside counsel. In 2012, Prousalis unsuccessfully sought habeas relief in the Eastern District of Virginia, arguing that the conduct for which he was convicted was no longer criminal in light of *Janus Capital Group, Inc. v. First Derivative Traders*, 564 U.S. 135, 131 S.Ct. 2296, 180 L.Ed.2d 166 (2011). Prousalis subsequently petitioned the United States District Court for the Southern District of New York (Cote, *J.*) for a writ of error coram nobis on the same basis. He now appeals the district court's judgment denying that petition. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"Coram nobis is essentially a remedy of last resort for petitioners who are no longer in custody pursuant to a criminal conviction and therefore cannot pursue direct review or collateral relief by means of a writ of habeas corpus." *Fleming v. United States*, 146 F.3d 88, 89-90 (2d Cir. 1998) (per curiam). It "is not a substitute for appeal, and relief under the writ is strictly limited to those cases in which errors of the most fundamental character have rendered the proceeding itself irregular and invalid." *Foont v. United States*, 93 F.3d 76, 78 (2d Cir. 1996) (internal quotation marks and alterations omitted). The coram nobis petitioner must demonstrate that "1) there are circumstances compelling such action to achieve justice, 2) sound reasons exist for failure to seek appropriate earlier relief, and 3) the petitioner continues to suffer legal consequences from his conviction that may be remedied by granting of the writ." *Kovacs v. United States*, 744 F.3d 44, 49 (2d Cir. 2014) (internal quotation marks omitted).

This Court reviews the denial of a writ of error coram nobis for abuse of discretion, but we review de novo whether the district court applied the proper legal standard. *United States v. Mandanici*, 205 F.3d 519, 524 (2d Cir. 2000). Here, the district court applied the proper legal standard and correctly determined that there were no circumstances compelling coram nobis relief.

Prousalis argues that he is entitled to coram nobis relief because, under *Janus*, he was not the "maker" of the false statements that led to his conviction for securities fraud. The government argues, inter alia, that *Janus* is not applicable in criminal cases. We need not address this issue. Prousalis's conviction would stand regardless of *Janus*'s application in this case because he allocuted to conduct that constitutes a violation of 18 U.S.C. § 2(b), which provides that "[w]hoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal."

We have considered all of Prousalis's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.